IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TYRONE JOHNSON,**

      Plaintiff,

  vs.                                    Civil Action 2:15-cv-817
                                          Judge Smith
                                          Magistrate Judge King

**TOLEDO POLICE DEPARTMENT,** *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brings this civil action, without prepayment of fees, against the Toledo Police Department, a Toledo detective, and the Ohio Department of Rehabilitation and Correction ("ODRC"), alleging that defendants have violated plaintiff's constitutional rights. This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§ 1915(e), 1915A.

The *Complaint*, ECF 4, alleges that defendant Molnar, the Toledo detective who investigated the criminal case against plaintiff and who testified against plaintiff at his criminal trial, presented incomplete evidence to the grand jury, resulting in the criminal charge against plaintiff.  The *Complaint* also alleges that defendant Molnar and "officers of the Toledo Police Department" conspired "to deprive [plaintiff] of his rights secured to him by the 14th Amendment of the United States Constitution." *Id.*, at 5. Finally, the *Complaint*

alleges that the ODRC, by imprisoning plaintiff on his wrongful conviction, has participated "in this on-going Criminal Conspiracy." *Id.*, at 6. The *Complaint* seeks monetary damages and the criminal prosecution of all persons who participated in "this scheme to falsely incarcerate plaintiff." *Id.* at 7.

The ODRC is a state agency and, as such, is absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Beil v. Lake Erie Correction Records Dept.*, 282 Fed. Appx. 363, 2008 WL 2434738 (6$_{th}$ Cir. June 13, 2008). *See also Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997) (Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities"). Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. §1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989).

To the extent that plaintiff's claims may imply that his criminal conviction and confinement are unconstitutional, those claims cannot proceed under §§ 1983 or 1985 unless plaintiff's convictions have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or have otherwise been called into question by a federal court's issuance of a writ of habeas corpus." *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003)(citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Thus challenges to the fact or duration of one's confinement, *i.e.*, challenges falling "within the traditional scope of habeas corpus," are not cognizable under either

§§ 1983 or 1985. *Lanier*, 332 F.3d at 1005-06 (extending *Heck* to claims under § 1985). *See also Thomas v. Eby,* 481 F.23d 434, 438 (6th Cir. 2007).[1]

Moreover, the investigation against plaintiff and his criminal trial took place more than two years prior to the filing of the *Complaint*. Claims under 42 U.S.C. §§ 1983 and 1985 must be initiated in Ohio within two (2) years of the time the cause of action accrues. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989)(*en banc*)(claims under § 1983); *Harris v. Board of Educ. of Columbus, Ohio, City School District*, 798 F. Supp. 1331, 1345 (S.D. Ohio 1992)(claims under § 1985); *Ealy v. Diorio*, 2009 WL 545106, *2 (S.D. Ohio March 3, 2009)(same). Because plaintiff waited more than two (2) years after the events about which he now complains, the claims based on those events are untimely.

Finally, to the extent that plaintiff seeks the recovery of monetary damages in connection with the testimony of defendant Molnar, the *Complaint* fails to state a claim for relief. *See Briscoe v. Lahue*, 460 U.S. 325 (1983)(witnesses in judicial proceedings are absolutely immune from civil liability under 42 U.S.C. § 1983 based on their testimony).

For all these reasons, it is **RECOMMENDED** that the action be dismissed for lack of subject matter jurisdiction or for failure to

---

[1] The Court notes that plaintiff previously filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Tyrone R. Johnson v. Phillip Kerns*, 3:10-cv-310 (N.D. Ohio). That action was dismissed on July 29, 2011, *id.*, ECF 18, and that dismissal was affirmed by the United States Court of Appeals for the Sixth Circuit. *Tyrone R. Johnson v. Phillip Kerns*, Case No. 11-3867 (6th Cir. Mar. 29, 2012).

3

state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which

4

fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

|  |  |
|---|---|
| April 29, 2015 | s/Norah McCann King<br>Norah M<sup>c</sup>Cann King<br>United States Magistrate Judge |